Case 2:23-cv-00046   Document 21   Filed on 11/09/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARISELDA DE LA PAZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00046 |
| § | |
| TEXAS A & M UNIVERSITY § | |
| KINGSVILLE, § | |
| § | |
| Defendant. § | |

## ORDER ON MOTION TO DISMISS

Plaintiff originally filed this employment discrimination action against Texas A&M Kingsville (TAMUK), alleging claims for violations of:

- The Americans with Disabilities Act as amended (ADA);
- The Rehabilitation Act (RA);
- The Family Medical Leave Act (FMLA); and
- The Age Discrimination in Employment Act (ADEA).

D.E. 1.  In its first motion to dismiss, TAMUK challenged all theories except those under the RA.  D.E. 7.  In response, Plaintiff conceded the challenged theories (ADA, FMLA, and ADEA) and filed an amended complaint, mooting the motion to dismiss.  D.E. 13, 16, 19.  Plaintiff's first amended complaint preserves the RA claim against TAMUK and adds a claim against it for violation of the Civil Rights Act, 42 U.S.C. § 1983 and her Fourteenth Amendment due process rights.  D.E. 16.[1]

---

[1] The first amended complaint also adds two individual Defendants, who are TAMUK employees, and asserts the FMLA claim against them and not against TAMUK.  *Id*; *see also* D.E. 20, p. 2 n.1.  Those Defendants are added in their individual capacity, only.  *See* D.E. 16, ¶¶ 3, 4.  Therefore, the Court need not address the bar to their liability in their respective official capacities.

Now before the Court is TAMUK's second motion to dismiss (D.E. 20), which challenges the § 1983 claim as barred by the Eleventh Amendment. It argues that § 1983 claims may only be brought against persons and TAMUK is not a "person" but is a state agency. Consequently, neither the language of § 1983 nor any other legislation waives TAMUK's governmental immunity.

Pursuant to Local Rule 7.3, opposed motions will be submitted to the judge 21 days from filing. The motion was filed on October 5, 2023, and its submission date was October 26, 2023. Plaintiff has not filed a response to the motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought. The Court finds that Plaintiff's default further demonstrates a failure to prosecute the claim subject to the motion. The Court, after reviewing the motion on the merits, finds that it is well-taken.

TAMUK is a Texas state agency entitled to governmental immunity and the bar to federal jurisdiction provided by the Eleventh Amendment to the United States Constitution. *See* Tex. Educ. Code § 87.301(a); *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 622-23 (S.D. Tex. 2014). Nothing in the law provides for a waiver of that governmental immunity for § 1983 claims. *See Quern v. Jordan*, 440 U.S. 332, 340–45 (1979); *Price v. Shorty*, 632 F. App'x 211, 212 (5th Cir. 2016) (per curiam). Similarly, Plaintiff cannot point to any Texas statute that waives TAMUK's sovereign immunity from § 1983 claims. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so.").

For these reasons, TAMUK's second motion to dismiss (D.E. 20) is **GRANTED** and Plaintiff's § 1983 claim against TAMUK is **DISMISSED**.

**ORDERED** on November 9, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE